D&F✓

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

                -against-

MICHAEL SPINELLI,
                Defendant.
-------------------------------------------------X

**MEMORANDUM & ORDER**

97 CR 209

DEARIE, Chief Judge.

Defendant was convicted of conspiracy to commit murder, attempted murder, assault, conspiracy to tamper with a witness and related weapons offences for his participation in the vicious shooting of Patricia Capozzalo, the sister of former Luchese family captain Peter Chiodo. He was sentenced principally to concurrent terms of 235 months in prison for assault and attempted murder, and concurrent terms of five years on the weapons counts, to run consecutively, for a total sentence of 295 months in prison. Five years of the 235 months was imposed to run concurrently with a 22-year sentence defendant was already serving.

After defendant filed a notice of appeal, the prosecutors informed defendant that Frank Gioia, one of their witnesses, had belatedly disclosed certain information about the unrelated criminal activities of his former fiancée's family members during the course of his cooperation. Defendant moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, claiming that this newly discovered evidence, as well Gioia's testimony at an unrelated state trial that he had considered avenging the murder of his former fiancée's father at her brother's request, warranted a new trial. He also contended that Gioia perjured himself by failing to acknowledge these violations of his cooperation agreement at defendant's trail. By endorsed order dated January 7, 2002, this Court denied defendant's motion. Defendant appealed.

While the appeal was pending, the Second Circuit ruled that this Court erred by including

a four-level adjustment for "permanent or life-threatening injury" under § 2A2.1(b)(1)(A) of the United States Sentencing Guidelines for Ms. Capozzalo's significant psychological and emotional injuries in the calculation of co-defendant Robert Spinelli's sentence. The Circuit concluded that while emotional and psychological injuries can be a basis for the four-level enhancement, the record as it stood did not include sufficient factual findings to establish Ms. Capozzalo's mental impairment. United States v. Spinelli, 352 F.3d 48, 60 (2d Cir. 2003). On December 31, 2008, the Circuit affirmed defendant's conviction, but remanded the case for reconsideration of defendant's sentence on the same ground. United States v. Spinelli, 551 F.3d 159, 171 (2d Cir. 2008) (four-level enhancement not supported by the necessary factual findings). In addition, the case was remanded pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) to allow this Court to determine whether had defendant been sentenced after United States v. Booker, 543 U.S. 220 (2005), his sentence would have been materially different.

As set forth in both the defendant's letter dated September 15, 2009 and the government's letter dated October 15, 2009, substituting the four-level enhancement for "permanent or life-threatening injury" under U.S.S.G. § 2A2.1(b)(1)(A) with a two-level enhancement for "serious bodily injury" under U.S.S.G. § 2A2.(b)(1)(B), reduces defendant's adjusted Guidelines offence level to 35 from 37. Based upon petitioner's criminal history category of II, the applicable Guidelines range becomes 188 to 235 months instead of 235 to 293 months. Thus, the imposed sentence of 235 months remains withing the revised Guidelines range. Nevertheless, defendant seeks re-sentencing at the low end of the now-advisory Guidelines range.

The Court rejects in their entirety defendant's arguments for a reduced sentence under Crosby. Defendant's changed family circumstances and deteriorated health are not appropriate

2

bases for making the required threshold determination on a <u>Crosby</u> remand. <u>United States v. Ferrell</u>, 485 F.3d 687, 688-89 (2d Cir. 2007) (per curiam). Furthermore, for the reasons expressed in this Court's Memorandum of Decision, dated October 30, 2007, the Court declines defendant's unfounded invitation to reduce his sentence "to reflect the flawed proceedings in this case caused by the unremedied governmental misconduct." (Def.'s Sept. 15, 2009 Letter at 18.) The Court has carefully reviewed all of the circumstances at the time defendant was first sentenced and concludes that it "would [not] have imposed a materially different sentence had it known the Guidelines were advisory." <u>Ferrell</u>, 485 F.3d at 688 (2d Cir. 2007). Accordingly, defendant's request for re-sentencing is denied.

SO ORDERED.

Dated: Brooklyn, New York
January 14, 2010

                                        s/ Judge Raymond J. Dearie
                                        _____
                                        RAYMOND J. DEARIE
                                        United States District Judge